UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                                                :
CLEVELAND POLICE PATROLMEN'S                :
ASSOCIATION, et al.,                                      :
                                                                :
       Plaintiffs,                                :        CASE NO. 1:15-CV-1917
                                                                :
vs.                                                             :        OPINION & ORDER
                                                                :
CITY OF CLEVELAND, OHIO, et al.,              :
                                                                :
       Defendants.                            :
                                                                :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

       In this case Plaintiffs Cleveland Police Patrolmen's Association ("CPPA") and its president, Steve Loomis, seek damages and injunctive relief from Defendant City of Cleveland, Ohio's ("Cleveland") decision to move its peace officer training from Cleveland to Columbus. Plaintiffs allege violations of various state laws as well as violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA").

       After reviewing the pleadings of this case, the Court concludes that the Court would likely have pendent jurisdiction over Plaintiffs' state law claims. The FLSA claim that could give the Court subject matter jurisdiction over the case[1] is part of the same nucleus of operative fact as the alleged violations of the Ohio Constitution and various other state laws.[2] However, state law issues predominate. The FLSA claim is a small part of the overall case.

       The interests of comity, judicial economy, and ensuring "a surer footed reading of state law in state court" and the fact that "the state law claims have broader and different elements and

---

[1] 28 U.S.C. § 1331.
[2] United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 725 (1966).

Case No. 1:15-CV-1917
Gwin, J.

remedies than the federal claims,"[3] favor declining jurisdiction over Plaintiffs' pendent state law claims. The Court **DISMISSES** without prejudice Plaintiffs' pendent state law claims and retains jurisdiction over the remaining FLSA claim.

The Court's jurisdiction over the FLSA claim, however, is still uncertain due to Plaintiffs' potential lack of standing in this case. The Court therefore **ORDERS** the parties to file supplemental briefing on the issue of Plaintiffs' standing to bring this FLSA claim in federal court. The briefs should address whether Plaintiff Loomis or Plaintiff CPPA has standing to assert FLSA claims on behalf of individual recruits and whether these FLSA claims are ripe for judicial review. These briefs shall be filed within fourteen days of the filing of this opinion.

IT IS SO ORDERED.

Dated: December 2, 2015                     s/ *James S. Gwin*
                                            JAMES S. GWIN
                                            UNITED STATES DISTRICT JUDGE

---

[3] *Coleman v. Wirtz*, 745 F. Supp. 434, 441 (N.D. Ohio 1990) *aff'd*, 985 F.2d 559 (6th Cir. 1993) (citing *Gibbs*, 383 U.S. 715, 727 (1966)) ("... Courts have interpreted *Gibbs* . . . as allowing courts, in their discretion, to dismiss, *sua sponte*, pendent state law claims . . . .").