UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
                   :

CLEVELAND POLICE PATROLMEN'S  :
ASSOCIATION, et al.,           :
                              :
            Plaintiffs,     :      CASE NO. 1:15-CV-1917
                              :
vs.                         :      OPINION & ORDER
                              :      [Resolving Doc. Nos. 1, 9, 10, 18]
CITY OF CLEVELAND, OHIO, et al.,  :
                              :
           Defendants.     :
                              :
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Plaintiffs Cleveland Police Patrolmen's Association ("CPPA") and its president, Steve Loomis, seek damages and injunctive relief from Defendant City of Cleveland, Ohio ("Cleveland"). Plaintiffs bring this case after Cleveland decided to move its police officer training from Cleveland to Columbus.[1/] Plaintiffs allege violations of various state laws as well as violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA").

This Court recently dismissed several of Plaintiffs' state-law claims.[2/] The FLSA claims are the only ones remaining in the case. Plaintiffs filed a notice of dismissal without prejudice for the FLSA claims.[3/] Defendants oppose and say that the claims should be dismissed with prejudice.[4/] Defendants also argue that Plaintiffs do not have standing to bring FLSA claims and that any FLSA claims in this case are not yet ripe.

For the following reasons, this Court **DENIES** Plaintiffs' notice of dismissal. This Court

---

[1/]Doc. 1-1.
[2/]Doc. 13.
[3/]Doc. 18.
[4/]Doc. 16.

Case No. 1:15-CV-1917
Gwin, J.

finds that Plaintiffs lack standing and that the FLSA claims are not ripe and therefore **DISMISSES**

those claims with prejudice as to these Plaintiffs.

### I. Background

On September 2, 2015, Plaintiffs filed their complaint in the Cuyahoga County Court of

Common Pleas.[5] With their complaint, Plaintiffs alleged that Cleveland's decision to move new

police cadet training from Cleveland to Columbus would violate several Ohio statutes and the Ohio

constitution, as well as the FLSA. Plaintiffs sought damages and injunctive relief on behalf of the

cadets of the 135th Cleveland Police Department Cadet Academy Class, who would have their

training in Columbus rather than Cleveland.

On September 17, 2015, Defendants removed the case to federal court on federal question

jurisdiction[6] and filed their answer.[7]

On December 2, 2015, this Court dismissed without prejudice Plaintiffs' state law claims and

retained the FLSA claims.[8] This Court also ordered supplemental briefing on the issues of standing

and ripeness for the remaining FLSA claims.[9]

On December 16, 2015, Defendants filed a supplemental brief in which they argued that

Plaintiffs lack standing to bring the FLSA claims and that the FLSA claims are not yet ripe.[10]

Plaintiffs did not file a supplemental brief.

---

[5] Doc. 1-1.

[6] Doc. 1.

[7] Doc. 3.

[8] Doc. 13.

[9] *Id.*

[10] Doc. 14.

Case No. 1:15-CV-1917
Gwin, J.

Instead, on December 17, 2015, Plaintiffs filed a notice of dismissal with the Court.[11] On December 21, 2015, Plaintiffs re-filed and clarified that they intended to dismiss the case without prejudice.[12] Defendants opposed such a resolution and asked this Court to resolve the case after ruling on the standing and ripeness issues.[13]

## II. Discussion

*Plaintiffs' Notice of Dismissal*

Under Federal Rule of Civil Procedure 41, once Defendants file an answer to the complaint, Plaintiffs can dismiss their claims without prejudice only with consent of all the parties or by court order. A district court judge may order a dismissal without prejudice "on terms that the court considers proper."[14]

In this case Plaintiffs filed a notice of dismissal without prejudice. However, Plaintiffs filed the notice after Defendants filed an answer to the complaint, and Plaintiffs do not consent to a dismissal without prejudice. This Court does not find these to be proper terms for a dismissal without prejudice, and therefore **DENIES** Plaintiffs' notice of dismissal.

*Statutory Standing*

Plaintiffs' claims are dismissed with prejudice because Plaintiffs lack statutory standing to bring FLSA claims. A plaintiff must have standing to sue in order to bring her case in federal court.[15] Unions and workers' associations do not have standing to bring FLSA claims on behalf of individual

---

[11]/Doc. 15.
[12]/Doc. 18.
[13]/Doc. 16.
[14]/Fed. R. Civ. P. 41(a)(2).
[15]/*Roberts v. Hamer*, 655 F.3d 578, 581 (6th Cir. 2011).

Case No. 1:15-CV-1917
Gwin, J.

members.[16] The president of a worker's association does not have standing to bring FLSA claims

unless she has been harmed in her individual capacity.

Plaintiffs in this case are the Cleveland Police Patrolmen's Association and Steve Loomis,

the CPPA president. Neither Plaintiff has standing to bring an FLSA claim on behalf of the

individual cadets of the 135th Cleveland Police Department Cadet Academy Class.

*Ripeness*

Even if Plaintiffs had standing to bring FLSA claims on behalf of individual cadets, these

FLSA claims are not yet ripe. Plaintiffs may not bring claims that are not ripe for judicial review.

In performing the ripeness inquiry, we must weigh three factors when deciding
whether to address the issues presented for review: 1) the likelihood that the harm
alleged by the plaintiffs will ever come to pass; 2) whether the factual record is
sufficiently developed to produce a fair adjudication of the merits of the parties'
respective claims; and 3) the hardship to the parties if judicial relief is denied at this
stage in the proceedings.[17]

In this case Plaintiffs claim that Cleveland's decision to move cadet training from Cleveland

to Columbus will cause Cleveland to violate the FLSA's overtime provisions. However, there is no

evidence that such a violation has occurred or will inevitably occur as a result of the move.

At this point in the litigation, the record is undeveloped as to the harm the cadets have

suffered as a result of the move. At the time the complaint was filed, the start of training was several

months away.

Finally, there is little hardship in denying relief at this point, since the individual cadets can

---

[16] *United Food & Commercial Workers Union, Local 1564 of N.M. v. Albertson's, Inc.*, 207 F.3d 1193, 1201 (10th Cir. 2000).

[17] *K.Y. Press Ass'n, Inc. v. Kentucky*, 454 F.3d 505, 509 (6th Cir. 2006) (quoting *Adult Video Ass'n v. United States Dep't of Justice*, 71 F.3d 563, 568 (6th Cir.1995)) (internal quotations omitted).

Case No. 1:15-CV-1917
Gwin, J.

sue to recover damages for any future FLSA violations if they ever occur. The alleged FLSA violations in this case, and therefore the harm to the cadets, are speculative at this point and not ripe for judicial review.

### III. Discussion

For the foregoing reasons, this Court **DENIES** Plaintiffs' notice of dismissal without prejudice and **DISMISSES** Plaintiffs' remaining FLSA claims with prejudice. All other outstanding motions are **DISMISSED** as moot.

IT IS SO ORDERED.

Dated: January 6, 2016                    s/         *James S. Gwin*
                                          JAMES S. GWIN
                                          UNITED STATES DISTRICT JUDGE